**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Holden Farms, Inc., et al.,

Civil No. 00-785 DSD/AJB

Plaintiffs,

v.

**AMENDED**
**PRETRIAL SCHEDULING ORDER**

Hog Stat, Inc., et al.,

Defendants.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended effective May 1, 2000, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Discovery Plan

1. Discovery shall be commenced in time to be completed by September 13, 2001.

2. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before July 6, 2000.

3. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   a. By Plaintiff(s), on or before April 3, 2001

   b. By Defendant(s), on or before June 5, 2001

4. No more than 50 interrogatories [counted in accordance with Fed. R. Civ. R. 33(a)] shall be served by any party.

JUN 0 5 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

5. No more than 20 depositions, excluding expert witness depositions, shall be taken by plaintiff in this matter. Each defendant may take no more than 15 depositions, excluding expert witness depositions.

Expedited Discovery

Motions for dismissal have been served. With respect to a motion to dismiss, the following expedited discovery schedule shall be in effect:

6. Plaintiff is permitted to serve 5 additional interrogatories (in addition to the 50 allowed under paragraph 4 above) relating to matters placed at issue in said motions to dismiss. Responses to said interrogatories and related document requests shall be provided by July 6, 2000.

7. Responses to motions to dismiss shall be served on or before August 1, 2000. Any reply shall be served on or before August 15, 2000.

8. Motions to dismiss shall be scheduled for hearing to take place after August 15, 2000, by contacting Judge Doty's calendar clerk, Connie Baker, at (612) 664-5063.

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Kathy Thobe, Calendar Clerk, 651-848-1210.)

9. All motions which seek to amend the pleadings or add parties must be served by January 3, 2001.

10. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by October 15, 2001.

11. All non-dispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1, and 37.2.

Dispositive Motions

12. All dispositive motions shall be served by **November 1, 2001**. All responses to dispositive motions shall be served by **December 1, 2001**. Any replies to motion responses shall be served by **December 15, 2001**, and the motions, along with supporting and responsive documents, shall be filed with the District Court by **December 15, 2001**. (Counsel are reminded that they must schedule a hearing by calling Calendar Clerk Connie Baker, 612-664-5063.)

13. All dispositive motions shall be scheduled, filed and served in compliance with

Local Rule 7.1.

Trial

This case shall be ready for a **Jury** trial on February 15, 2002, or upon resolution of any pending dispositive motions. Anticipated length of trial is 3 weeks.

Dated: 6/5/00

Arthur J. Boylan
United States Magistrate Judge

MEMORANDUM

The Court's pretrial order contains dates by which the identity of expert witnesses and the reports shall be disclosed. The inclusion of a deadline for such disclosure does not prohibit the parties from seeking the identity of experts through the usual discovery devices at an earlier date.

In the parties' Rule 26(f) report they requested a total of 20 experts, five for each party. During the pretrial conference the defendants suggested that that number could be reduced to 15 by the Court allowing the plaintiff 5 experts and the defendants a collective total of 10. Despite the willingness of counsel to agree to a lesser number of experts, the Court remains uncomfortable with the number being proposed for use at trial. It has long been recognized that effective litigation management often requires the exercise of reasonable judicial control over the use of experts. In that regard, the Court believes that it is useful to confer with counsel before experts are retained to determine whether the proposed testimony will be necessary and appropriate, and to establish limits on the number of expert witnesses. In this case however it appears that the parties may lack sufficient information to select expert witnesses until the issues have been further defined and certain discovery completed. It is for that reason that the Court has

declined to grant to the parties the right to use the number of experts being proposed. The Court is therefore directing the parties to revisit the question of the need for expert testimony and to report to the Court on or before December 15, 2000, as to their proposals for use of experts in this litigation. The attorneys are cautioned that the Court takes seriously its duty to exercise management over the case. The parties are therefore encouraged to consider whether or not experts can be shared between parties and to consider other limits that may be appropriately imposed upon their use.

AJB