UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Holden Farms, Inc., a Minnesota Corporation; Rod Garness; Eugene C. Ward; Randy Swanson; Rick Anderson d/b/a Circle A Farms; Tim Sanborn; AJ Farms, a Minnesota General Partnership; Dennis Kofstad; Marlin Kruckeberg; and Pork Avenue, LLP, a Minnesota Limited Liability Partnership,
Plaintiffs,

Court File No. 00-CV-785
DSD/SRN

vs.

Hog Slat Inc., a North Carolina Corporation; BCM Manufacturing, Ltd., a Canadian Corporation; and Double L Group Ltd., an Iowa Corporation,
Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

## STIPULATION

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, it is hereby stipulated by and between Plaintiffs Holden Farms, Inc., Rod Garness, Eugene C. Ward, Randy Swanson, Rick Anderson d/b/a Circle A Farms, Tim Sanborn, AJ Farms, Dennis Kofstad, Marlin Kruckeberg, and Pork Avenue, LLP; and Defendants Hog Slat Inc., BCM Manufacturing, Ltd., and Double L Group Ltd., (hereinafter collectively referred to as "the Parties"), through their respective attorneys, that the Parties hereto adopt the following procedures for the purpose of preventing Confidential Material of the Parties from being disclosed or used for any purpose other than the conduct of this litigation as set forth herein:

FILED AUG 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. In connection with discovery proceedings in this action, the Parties stipulate that all documents, material or information which either Party causes to be produced, shall be "Confidential Material" under the terms of this Stipulation and Protective order and within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure.

2. The following procedures shall apply to Confidential Material:

a. Any document, material or information produced in response to any discovery directed to a Party, or that Party's lawyers, accountants or bankers ("responding person or entity") shall be considered as Confidential Material without further identification or designation by the responding person or entity.

b. Deposition exhibits and testimony shall also be Confidential Material. No objection or instruction not to answer shall be interposed at a deposition on the basis that such answer would elicit Confidential Material.

3. No copies of any Confidential Material shall be made except to the extent necessary for the preparation of this action for trial, which shall include the right of counsel or experts to make working copies of such documents.

4. If any Party believes that the designation of any document or information as Confidential Material is unwarranted, that Party shall inform the designating party in writing. Upon receiving such written objection, the parties shall negotiate in good faith to resolve their differences, and failing agreement the material in question shall be kept as Confidential Material for twenty additional days. The twenty-day period shall begin to run, but shall not include, the day when a letter, stating that the negotiations have been completed without reaching agreement, is telecopied to all counsel. Such letter shall also be sent by First Class U.S. Mail to all counsel. During the twenty-day period, the Party seeking confidential treatment may file a motion with

the Court seeking protection. If such motion is filed during the twenty-day period, no disclosure of any documents or information designated as Confidential Material shall be made prior to a final ruling by the District Court that such documents or information have been improperly designated as Confidential Material. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper notwithstanding the procedures specified herein.

5. Confidential Material may not be disclosed by any person other than the Party or witness producing it, except solely for the purpose of this litigation, and then only to the following persons:

a. All counsel, including in-house counsel, for any Party engaged in the litigation of this action and professional, clerical, secretarial and other support personnel of such counsel necessary to assist in this action;

b. Parties who are natural persons and such owners, directors, officers and employees, including in-house counsel, of Parties who are not natural persons necessary to assist in this action;

c. Experts who are retained to consult with or assist counsel for any Party in the preparation of this action for trial;

d. Witnesses in the course of deposition or trial testimony in the reasonable and good faith belief of counsel that examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes, and any person who is being prepared to testify in the reasonable and good faith belief of counsel that such person will be a witness in this action and that his or her examination with respect to the Confidential Material is necessary in connection with such testimony;

e. This Court and its employees, the triers of fact and court reporters transcribing testimony taken in this case and notarizing officers, in accordance with the provisions of Paragraph 7 of this Stipulation and Order; and

f. Directors, officers, employees or other representatives or any entity (other than a Party to this action) regularly conducting insurance business which provides coverage to any Party, is providing defense to any Party, or is otherwise evaluating the litigation with respect to any coverage it may provide.

6. Before disclosure of Confidential Material to persons described in Paragraph 5(c), 5(d) or 5(f) such persons shall read this Stipulation and Protective Order and shall acknowledge that they are bound by its terms by signing and dating a copy of this Stipulation and Protective Order or an acknowledgement attached thereto and indicating thereupon their agreement to be so bound. A copy of this Stipulation and Protective order shall accompany each Notice of Deposition to take testimony of any witness other than a Notice of Deposition of a Party or an employee of a Party, and within seven days of receipt of such Notice, either the acknowledgement page of the Stipulation and Protective Order or a written notification that a witness is unwilling to be bound by the Stipulation and Protective Order must be served on all counsel of record by the deponent.

a. In the event that any individual identified in Paragraph 5(d) is not willing to agree to be bound by this Stipulation and Protective Order, the Party seeking confidentiality may move the Court for an Order compelling the witness to comply with this Stipulation and Protective Order within fifteen days of written notification that an individual is unwilling to be bound. This provision is without prejudice to any party's right to move the Court for a ruling on whether it may use Confidential Material pursuant to this Stipulation and Protective Order in

questioning a person identified in Paragraph 5(d) who refuses to sign and is not compelled by the Court to maintain confidentiality.

b. If a witness refuses to acknowledge and be bound by this Stipulation and Protective Order during the course of a deposition, the deposition may be adjourned so that the Party seeking confidentiality may move for an Order compelling the witness to comply with this Stipulation and Protective Order within five days following the refusal to sign this Stipulation and Protective Order. The timing for filing such a motion, when the refusal is during a deposition, is controlled by this Paragraph.

c. As long as the Party seeking confidentiality moves the Court for an Order pertaining to any witness referred to in Paragraph 6(a) or 6(b) within the applicable time periods set forth in those Paragraphs, no disclosure or any documents or information designated as Confidential Material shall be made prior to a final ruling by the District Court that such documents or information may be disclosed to the witness.

7. If a person other than the witness is present at a deposition at which Confidential Material is to be elicited or disclosed and such person is not entitled to access to such Confidential Material pursuant to Paragraph 5 of this Stipulation and Protective Order, that person shall not be permitted to be present while Confidential Material is elicited or disclosed during the deposition.

8. Nothing contained herein shall prevent any Party from disclosing its own Confidential Material or information contained therein as deemed appropriate, provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Confidential Material pursuant to this Stipulation and Protective Order. Nothing herein shall impose any restrictions on the use or disclosure by any Party or witness of documents or

information obtained by such Party or witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained through discovery proceedings in this action.

9. If any Party wishes to use any Confidential Material in connection with any brief, argument, filing or other proceeding before the Court thereof, such Confidential Material:

a. Shall be submitted and filed under seal and shall be maintained by the Court Administrator for this Court under seal, and such Confidential Material so filed shall not be made available to anyone except pursuant to order of the Court.

b. The Party filing such papers shall place them in a sealed envelope or other appropriate sealed container, which envelope or container shall be marked "CONFIDENTIAL". Further, said envelope or container shall on its face or by documents permanently attached thereto state that it has been filed under seal pursuant to this Stipulation and Protective Order, and is not to be opened nor the contents displayed or revealed except by further order of the Court.

10. Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for employing the procedures described in this order and maintaining copies of the Agreements signed by those people to whom any Confidential Material will be disclosed.

11. If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the Party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating Party or witness of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

12. This Stipulation and Protective Order shall not be deemed a waiver of:

a. Any Party's right to object to any discovery request on any ground or to seek a protective order providing further protection for particular documents or portions thereof;

b. Any Party's right to seek an order compelling discovery with respect to any discovery request;

c. Any Party's right at any proceeding herein to object to the admission of any evidence on any ground; or

d. Any Party's right to claim that any information disclosed in the course of this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

13. No Party shall be obligated to challenge the proprietary of the designation of any material as Confidential Material and failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such Confidential Material or the information contained therein to persons not referred to in this Stipulation and Order, or from otherwise modifying the provisions of this Stipulation and Order.

14. The provisions of this Stipulation and Protective Order shall continue in effect with respect to any Confidential material until expressly released in writing by the Party or witness furnishing such Confidential Material, and such effectiveness shall survive the entry of a final judgment herein.

15. Unless otherwise agreed in writing by the Party or witness designating such Confidential Material or ordered by the Court, upon final determination of this action, including all appeals, each person receiving Confidential Material shall return to the producing Party or witness all Confidential Material in his, her, or its possession or control and all copies thereof, or at his, her, or its option shall destroy all documents and other material or portions thereof

containing or reflecting any Confidential Material, except that nothing contained in this provision shall require that the Parties destroy attorney work product or turn over attorney work product to another Party. Any attorney work product which includes Confidential Material may be retained by counsel after the conclusion of this litigation but the confidentiality of such material must be maintained.

By: ______________________
Gary W. Koch #133279
Dustan J. Cross #248952
GISLASON & HUNTER LLP
Attorneys for Plaintiffs
2700 South Broadway
P. O. Box 458
New Ulm, MN 56073-0458
Phone: 507-354-3111
Dated: 07/20/00

By: ______________________
Robert G. Hensley #207470
Paul R. Dieseth #166881
DORSEY & WHITNEY LLP
Attorneys for Defendant Hog Slat, Inc.
Pillsbury Center South
220 South Sixth Street, Suite 1300
Minneapolis, MN 55402
Phone: 612-340-2600
Dated: 7/24/00

By: ______________________
Richard W. Sobalvarro #204638
RAJKOWSKI HANSMEIER LTD.
Attorneys for Defendant BCM Manufacturing, Ltd.
11 North Seventh Avenue, P.O. Box 1433
St. Cloud, MN 56302
Phone: 320-251-1055
Dated: 7/27/00

By: ______________________
Joseph F. Lulic #65018
Randall Gottschalk #285651
HANSON LULIC & KRALL
Attorneys for Defendant Double L Group, Ltd.
920 Second Avenue South, Suite 500
Minneapolis, MN 55402
Phone: 612-333-2530
Dated: 7-24-00

**PROTECTIVE ORDER**

The Court, having reviewed the Stipulation of the Parties, and being advised in the premises, it is hereby ordered that the confidentiality procedures specified by the Parties are adopted by the Court.

SO ORDERED.

Dated: Aug 1, 2000

BY THE COURT:

Susan Richard Nelson

NULIB:31068.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing <u>confidential original</u> documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the <u>Clerk:</u>***

A. Documents are to be <u>sealed</u> (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or <u>Magistrate Judge:</u>***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.