UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-785 (DSD/SRN)

Holden Farms, Inc. a Minnesota corporation; Rod Garness; Eugene C. Ward; Randy Swanson; Rick Anderson d/b/a Circle A Farms; Tim Sanborn; AJ Farms, a Minnesota general partnership; Dennis Kofstad; Marline Kruckeberg; and Pork Avenue, LLP, a Minnesota limited liability partnership,

Plaintiffs,

v.

**ORDER**

Hog Slat, Inc., a North Carolina corporation; BCM Manufacturing, Ltd., a Canadian corporation; and Double L Group Ltd., an Iowa corporation,

Defendants.

This matter is before the court on plaintiffs' objections to the report and recommendation of Magistrate Judge Susan R. Nelson dated November 14, 2000. Plaintiffs claim in this case that defendant Hog Slat, Inc. negligently designed and misrepresented its hog nursery structures and breached its contractual obligations and implied warranty to construct the nurseries in a workmanlike manner, fit for their intended use. In her report, the magistrate judge recommended that Hog Slat's motion to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) be granted in its entirety as to plaintiffs' claims for breach of contract and breach of warranty, and granted in part as to plaintiffs' claims for

FILED MAR 2 2001
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

negligent design and misrepresentation with respect to the construction of the hog barns but not as to the loss of hogs. Plaintiffs raise numerous objections to these conclusions, however after careful consideration of the files and record herein, the court fully agrees with the magistrate judge's analysis of this complex motion.

Plaintiffs first object to the magistrate judge's decision to follow the choice of law provisions contained in the September 5, 1997 contract. Plaintiffs argue that Minn. Stat. § 337.10, subd. 1, effective August 1, 1997, dictates that all choice of law provisions for construction contracts performed in Minnesota are void. This issue was clearly not raised before the magistrate judge. While an objecting party is entitled to de novo review of the magistrate judge's recommendations, it is not entitled to consideration of an argument which could easily have been made before the magistrate judge but was not. See Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (5th Cir. 1988); Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D. Me. 1984) (holding that parties must take before the magistrate "not only their 'best shot' but all of their shots"); see also Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000)(reaffirming that the "'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the

magistrate, reserving their full panoply of contentions for the trial court.'").[1]

Plaintiffs also argue that the magistrate judge failed to recognize that defendant Hog Slat assumed a separate contractual obligation, above and beyond its express warranty, to design and construct the nurseries in a good and workmanlike manner, fit for their intended use. Specifically, plaintiffs refer the court to Article IV(B) of the contract which states that Hog Slat agrees to use its "best skill and attention" and "be solely responsible for all construction means, methods, techniques, sequences, and procedures." [Complaint, Exh. C-L, Art. IV(B)]. In addition to this express warranty argument, plaintiffs cite to cases from Iowa, North Carolina and Minnesota in which the courts recognized an implied warranty of fitness may exist for construction projects under certain circumstances.

The court has reviewed the cited cases and notes that none mention the presence or impact of time-limited warranties or disclaimers. By contrast, this case involves a fully integrated contract which specifically limits Hog Slat's express warranty obligation to one year and disclaims any other warranties either

[1] Even if the court were to consider plaintiffs' new argument regarding the applicability of Minn. Stat. § 337.10 to the September 5, 1997 contract, the outcome would be the same because, as discussed below, the contract claims are barred by the one-year warranty limitation and the parol evidence rule under Iowa, North Carolina and Minnesota law alike.

express, implied, oral or written. [Complaint, Exh. C-L, Art. IV(G) or (H)]. Based on these provisions, the court agrees with the conclusion of the magistrate judge that the breach of warranty and breach of contract claims "must be dismissed because they are barred by the express terms of the integrated written contracts and the parol evidence rule." [Report, p. 10].

Plaintiffs assert nonetheless that their contract claims are not precluded because they are based on latent defects which could not have been discovered upon reasonable inspection or within the one-year warranty period. This argument was belatedly asserted by plaintiffs at the hearing before the magistrate judge, who properly rejected it, noting that application of this latent defect theory would render liability limiting warranties meaningless.

With respect to plaintiffs' claims of negligent design and negligent misrepresentation, the magistrate judge correctly concluded that these tort claims are so closely related to plaintiffs' contract claims that they fall within the ambit of the contract's choice-of-law provisions, requiring application of Iowa and North Carolina law. See Northwest Airlines, Inc. v. Astraea Aviation Servs., 111 F.3d 1386, 1392 (8th Cir. 1997). The magistrate judge further determined that under the law of those states, plaintiffs' tort claims were generally precluded by the

economic loss doctrine.[2] On objection, plaintiffs suggest that because North Carolina and Iowa recognize a contractor's extra-contractual duty to build facilities in a good and workmanlike manner, the economic loss doctrine does not extend to construction contracts. Plaintiffs also find support in a North Carolina statute which they contend specifically recognizes the viability of a claim for negligent construction or repair of an improvement to real property by providing a six-year statute of repose for such claims.

Neither argument effectively counters the magistrate judge's well-reasoned conclusion that the economic loss doctrine controls the resolution of this issue and precludes plaintiffs' tort claims. As the North Carolina Court of Appeals unambiguously stated in Spillman v. American Homes, 422 S.E.2d 740 (N.C. Ct. App. 1992):

> [A] tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract. It is the law of contract and not the law of negligence which defines the obligations and remedies of the parties in such a situation.

[2] The magistrate judge found that the loss of hogs, as opposed to damage to the hog nurseries, fits within the "damage to other property" exception to the application of the economic loss doctrine. The court agrees with this determination and adopts the recommendation that plaintiffs be allowed to proceed on their tort claims with respect to the loss of hogs.

Id. at 741-42. Notably, plaintiff's case in Spillman was based on the improper construction and installation of a mobile home and included claims for negligence, breach of contract, breach of express and implied warranties and breach of warranty of construction in a workmanlike manner. Id.; see also Warfield v. Hicks, 370 S.E.2d 689, 694 (N.C. App. 1988) (finding in an action based on a contract for the construction of a custom home that the economic loss doctrine barred plaintiff's negligent construction claim). The outcome is no different under Iowa law. See Nelson v. Todd's Ltd., 426 N.W.2d 120, 123 (Iowa 1988) (reaffirming the rule that economic loss resulting from negligence is not recoverable in tort); see also Cunningham v. PFL Life Ins. Co., 42 F. Supp. 2d 872, 886-87 (N.D. Iowa 1999) ("The economic loss doctrine prohibits tort recovery for purely economic losses, consigning such claims to contract law."). But see Bushman v. Cuckler Bldg. Sys. Inc., 421 N.W.2d 145 (Iowa Ct. App. 1988) (affirming admission of lost profits evidence and jury verdict on negligence claim against manufacturer of defective hog confinement system; no discussion of economic loss doctrine).

Accordingly, based on the report and recommendation of the magistrate judge, and a de novo review of the file and record herein, **IT IS HEREBY ORDERED** that:

1. The motion by defendant Hog Slat, Inc. pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all counts asserted against it in

plaintiffs' complaint [Doc. No. 22] is granted in its entirety as to plaintiffs' claims for breach of contract and breach of warranty (Counts 1, 2, 10, 11, 19, 20, 28, 29, 37, 38, 46, 47, 55, 56, 64, 65, 73, 74, 82 and 83).

2. The motion by defendant Hog Slat, Inc. pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all counts asserted against in plaintiffs' complaint is granted as to plaintiffs' claims for negligent design and misrepresentation (Counts 5, 7, 14, 16, 23, 25, 32, 34, 41, 42, 50, 52, 59, 61, 68, 70, 77, 79, 86, 88), except as these claims apply to the loss of hogs.

Dated: March 2, 2001

David S. Doty, Judge
United States District Court