UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-785 (DSD/SRN)

Holden Farms, Inc. a Minnesota corporation; Rod Garness; Eugene C. Ward; Randy Swanson; Rick Anderson d/b/a Circle A Farms; Tim Sanborn; AJ Farms, a Minnesota general partnership; Dennis Kofstad; Marline Kruckeberg; and Pork Avenue, LLP, a Minnesota limited liability partnership,

Plaintiffs,

v.

**ORDER**

Hog Slat, Inc., a North Carolina corporation; BCM Manufacturing, Ltd., a Canadian corporation; and Double L Group Ltd., an Iowa corporation,

Defendants.

This matter is before the court on plaintiffs' motion pursuant to Fed. R. Civ. P. 54(b) to amend and certify as a final judgment this court's March 2, 2001, order dismissing plaintiffs' breach of contract and breach of warranty claims against defendant Hog Slat, Inc. Plaintiffs also seek certification of the partial dismissal of its negligence claims under 28 U.S.C. § 1292(b) for purposes of interlocutory appeal.

**I. Rule 54(b) Certification**

The determination of whether a final judgment should be entered pursuant to Rule 54(b) is within the sound discretion of

FILED 4-10-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials JR

the trial court. See Harris v. Secretary, 119 F.3d 1313, 1320 (8th Cir. 1997). In Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980), the Supreme Court reaffirmed the two-step process for evaluating a motion under Rule 54(b). First, the court must determine that it is dealing with a "final judgment", that is, the ultimate disposition of an individual claim in a multiple-claim action. 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Second, the court must determine whether there is any just reason for delaying the entry of judgment. "[A] district court must take into account judicial administrative interests as well as the equities involved." Id. at 8. The second step contemplates that the district court will weigh competing factors and that its determination will be given substantial deference. 446 U.S. at 10.

It is undisputed that the dismissal of plaintiffs' breach of contract and breach of warranty claims against defendant Hog Slat, Inc. is a final disposition on those claims. However, plaintiffs also assert express warranty claims against defendants BCM Manufacturing, Inc. and Double L. Group Ltd. and a dispositive motion on those claims has not yet been brought before this court. In addition, a motion to amend the complaint is pending before the magistrate judge wherein plaintiffs seek to add fraudulent misrepresentation and statutory consumer fraud claims against defendant Hog Slat. As defendant Hog Slat notes, this motion will

require consideration of the same choice of law issues which formed the basis for the dismissal of the warranty and contract claims. Therefore, an early appeal of the March 2, 2001, order would compel the Eighth Circuit to address a legal issue that is essentially still pending before the district court. Clearly, the remaining claims and motion present the potential for additional appeals on similar issues. In view of the strong policy against such piecemeal appeals, see Curtiss-Wright Corp., 446 U.S. at 8, Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993), the court finds that certification of this court's March 2, 2001, order dismissing plaintiffs' breach of contract and breach of warranty claims against defendant Hog Slat, Inc. is not appropriate.

**II. Certification Pursuant to 28 U.S.C. § 1292(b)**

Plaintiffs further move this court to certify that the partial dismissal of their negligence claims against defendant Hog Slat is appropriate for interlocutory appeal. This motion is brought pursuant to 28 U.S.C. § 1292(b), which allows such certification when

> a district judge ... shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

"It has ... long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination.'" White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (quoting Control Data Corp. v. IBM, 421 F.2d 323, 325 (8th Cir. 1970)). Thus, plaintiffs bear a "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. (citing Bank of New York v. Hoyt, 108 F.R.D. 184, 189 (D.R.I. 1985)).

Plaintiffs argue here that substantial grounds for differing opinions exist regarding whether their tort claims are so closely related to their contract claims that they fall within the ambit of the choice-of-law provisions in the various contracts. However, as the magistrate judge concluded and this court affirmed, this issue was conclusively resolved by the Eighth Circuit in Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d 1386, 1392 (8th Cir. 1997), therefore application of Iowa and North Carolina law to the tort claims was appropriate. Further, the court applied the definitive decisions from those two states in ruling that the economic loss doctrine bars plaintiffs' negligence claims. See Spillman v. American Homes, 422 S.E.2d 740, 741-42 (N.C. Ct. App. 1992); Nelson v. Todd's Ltd., 426 N.W.2d 120, 123 (Iowa 1988). Plaintiffs' citation to an inconclusive 1988 decision

from the Iowa Court of Appeals fails to establish that there are substantial grounds for a difference of opinion on this issue. Therefore, plaintiffs' motion for certification of the partial dismissal of the negligence claims is denied.

For these reasons, **IT IS HEREBY ORDERED** that plaintiffs' motion to amend and certify the court's order of March 2, 2001, is denied.

Dated: April 9, 2001

David S. Doty, Judge
United States District Court