**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**HOLDEN FARMS, INC., ROD GARNESS, EUGENE C. WARD, RANDY SWANSON, RICK ANDERSON, TIM SANBORN, AJ FARMS, DENNIS KOFSTAD, MARLIN KRUCKENBERG, and PORK AVENUE LLP,**

**Plaintiffs,**

**v.**

**HOG SLAT INC., BCM MANUFACTURING, LTD, and DOUBLE L GROUP, LTD,**

**Defendants.**

**Civil No. 00-785 (DSD/SRN)**

**ORDER**

---

Dustan J. Cross, Esq., appeared on behalf of Plaintiffs.

Paul R. Dieseth, Esq., appeared on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter came on for hearing before the undersigned Magistrate Judge of District Court on January 23, 2001, on Plaintiffs' Motion to Amend Complaint.

## I. BACKGROUND

Plaintiffs initiated this action in Goodhue County District Court. It was removed to this Court on March 30, 2000. Defendant Hog Slat filed a Motion to Dismiss the Complaint, which was granted in part by the District Court on March 2, 2001, adopting this Court's recommendation.

FILED APR 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The District Court dismissed Plaintiffs' claims against Defendant Hog Slat for breach of contract and breach of warranty, as well as for negligent design and misrepresentation with respect to the construction of hog barns. Plaintiffs' only remaining claims against Defendant Hog Slat are for negligent design and misrepresentation with respect to the loss of hogs.

Plaintiffs have filed a Motion to Amend the Complaint to assert claims against Defendant Hog Slat for fraudulent misrepresentation, and violations of the Minnesota Consumer Fraud Act, the Minnesota Unlawful Trade Practices Act, the Minnesota False Statement in Advertising Act, and the North Carolina Unfair and Deceptive Trade Practices Act.

## II. FACTS

Plaintiffs' claims stem from a meeting between Plaintiffs and Defendants in April 1994 about the potential construction of hog nursery barns for Plaintiffs' use. At that meeting, Defendants gave Plaintiffs a document containing information about Filter-Eeze Maxima flooring. The document stated that Filter-Eeze came with a ten-year warranty, and had a fifteen to twenty-year life expectancy.

Plaintiffs entered into a series of contracts with Defendant Hog Slat for the construction of ten hog nursery barns using Filter-Eeze flooring. The last of these contracts was executed in September 1997. Each contract contained an express one-year warranty on the Filter-Eeze product. Each contract also contained a provision stating that Defendant Hog Slat disclaimed any other warranties.

In the summer of 1998, Plaintiffs began to notice problems with the flooring in the hog nursery barns. As a result of these problems, several hogs were killed, and the hog nursery barns

were no longer usable. Plaintiffs sued Defendant Hog Slat, among others, for damages incurred as a result of the flooring failure.

## III. STANDARD OF REVIEW

The standards governing the amendment of pleadings are well settled. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in Foman v. Davis, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

The Eighth Circuit has stated that "a party's motion to amend should be dismissed on the merits 'only if [it] assert[s] clearly frivolous claims or defenses.'" Gamma-10 Plastics, Inc. v. Amer. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994)(quoting Buder v. Merrill Lynch, Pierce Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981)). "Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." Id. at 1256. The application of these and related principles requires an exercise of judgment concerning the specific facts and procedural status in each particular case.

## IV. DISCUSSION

### A. Minnesota Statutes

Defendant Hog Slat argues that it would be futile for Plaintiffs to assert claims under the Minnesota Consumer Fraud Act (Minn. Stat. §325F.69, subd. 1), the Minnesota Unlawful Trade

Practices Act (Minn. Stat. §325D.13), and the Minnesota False Statement in Advertising Act (Minn. Stat. §325F.67), because Plaintiffs' tort claims are governed by North Carolina and Iowa law. Defendant Hog Slat also argues that Plaintiffs' asserted basis for damages under these statutes, Minn. Stat. §8.31, subd. 3a, is not applicable in this case.

In deciding Defendant's Motion to Dismiss, the District Court held that the tort claims asserted by Plaintiffs were so closely related to Plaintiffs' contract claims that they fell within the ambit of the contracts' choice-of-law provisions. This is also the case with Plaintiffs' new tort claims under the Minnesota statutes. With respect to the hog nursery barns constructed pursuant to the first nine contracts, the contracts provide that either North Carolina or Iowa law controls, and therefore claims brought pursuant to Minnesota statutes would be futile.

There is a new wrinkle to consider with respect to the tenth contract, executed on September 5, 1997. In their objections to the Court's Report and Recommendation, Plaintiffs raised for the first time the argument that Minn. Stat. §337.10, subd. 1 should apply to the last contract between the parties. Minn. Stat. §337.10, subd. 1 provides:

> Provisions contained in, or executed in connection with, a building and construction contract to be performed in Minnesota making the contract subject to the laws of another state or requiring that any litigation, arbitration, or other dispute resolution process on the contract occur in another state are void and unenforceable.

A "building and construction contract" is defined as:

> a contract for the design, construction, alteration, improvement, repair or maintenance of real property, highways, roads or bridges. The term does not include contracts for the maintenance or repair of machinery, equipment or other such devices used as part of a manufacturing, converting or other production process, including electric, gas, steam, and telephone utility equipment used for production, transmission, or distribution purposes.

Minn. Stat. §337.01 subd. 2; see also Minn. Stat. §337.10 subd. 5 (adopting this definition). The Court's research has not revealed any interpretation of this provision by state or federal courts in Minnesota.

The question is whether the choice of law provision in the tenth contract, which states that the parties agree to be governed by Iowa law, is enforceable. The tenth contract, like the others before it, describes the work of the contract in Article II as follows:

> In accordance with, and subject to the terms and conditions of this Contract, [Hog Slat] shall furnish the materials and equipment and perform the labor, necessary for the construction of the buildings identified below and further shall install the fixtures and hog equipment designated in Exhibit A in said buildings (the foregoing construction and installation being hereinafter referred to as the "Work") on the property of Owner . . .

The buildings to be constructed are described as an office and a nursery.

On its face, this appears to qualify as a construction contract governed by Minn. Stat. §337.10, subd. 1. While it is true that Defendant Hog Slat contracted both to provide the components of the buildings and to construct them, there is nothing in the statutory definition to suggest that the builder's role as a supplier brings the contract outside the ambit of Minn. Stat. §337.10, subd. 1. The contract between Plaintiffs and Defendant Hog Slat was for the construction of buildings, specifically hog nursery barns. Therefore, solely with respect to any damages claimed by Plaintiffs stemming from problems with the tenth barn, the Court cannot conclude that the Minnesota statutory claims are futile based on the choice-of-law provision in the tenth contract.[1]

---

[1] The Court's conclusion that the contract in this case qualifies as a "building and construction contract" for purposes of §337.10 should not be interpreted as a ruling on the question of whether or not the contract is governed by the Uniform Commercial Code, an issue not currently before the Court.

Defendant Hog Slat also argues that amendment of the Minnesota statutory claims would be futile because Plaintiffs are not entitled to seek damages pursuant to Minn. Stat. §8.31, subd. 3a. Section 8.31, subd. 3a provides that, in addition to the injunctive relief provided for by Minnesota's consumer protection statutes, a person injured by a violation of those statutes may bring a civil action to recover damages, costs, and attorneys' fees. This is referred to as the Private AG Statute, because it provides incentives to private parties to enforce Minnesota's unlawful business practices statutes as a substitute for the attorney general. See Ly v. Nystrom, 615 N.W.2d 302, 310-11 (Minn. 2000).

The Minnesota Supreme Court has recently held that "the Private AG Statute applies only to those claimants who demonstrate that their cause of action benefits the public." Ly, 615 N.W.2d at 314. The court based its holding largely on its conclusion that the purpose of the office of the attorney general is to prosecute misrepresentations involving only matters of public interest, as opposed to private disputes where prosecution would not advance state interests or provide a public benefit. Id. (holding Private AG Statute did not apply where owner of a single restaurant sold the business to a second individual). The decision in Ly was made in the context of a motion for attorneys' fees; the impact of the Ly decision on a motion to amend a complaint, or on a motion to dismiss for failure to state a claim, has not been explored by Minnesota courts.

In this case, Plaintiffs have failed to demonstrate that their cause of action against Defendant Hog Slat is of benefit to the public. It is significant that Defendant Hog Slat is neither the manufacturer nor the distributor of the Filter-Eeze product.[2] Defendant Hog Slat merely

---

[2] Filter-Eeze flooring is manufactured by BCM Manufacturing, Ltd., and distributed in the United States by Double L Group. Both of these companies are defendants in this action, but Plaintiffs only seek to bring claims under Minnesota's consumer fraud statutes against Defendant

purchased Filter-Eeze flooring from a distributor for installation in Plaintiffs' hog barns. There does not appear to be any public benefit in allowing Plaintiffs to sue Hog Slat for monetary damages arising from Hog Slat's purchase and installation of an allegedly faulty product manufactured and distributed by third parties. This conclusion is further supported by the fact that there is no indication of Defendant Hog Slat using Filter-Eeze in connection with any other hog barn constructions in Minnesota. Plaintiffs have only alleged fraudulent behavior by Defendant Hog Slat with respect to transactions with Plaintiffs. Allowing Plaintiffs to proceed under Minnesota's consumer fraud statutes against Hog Slat would not further any public purpose over and above Plaintiffs' private interests, *i.e.*, recovery of monetary damages. Amendment of these claims would be futile.

**B. North Carolina Statute**

Defendant Hog Slat argued in its brief that any claim by Plaintiffs under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §75-1.1 *et seq*., is barred by the applicable statute of limitations. Defendant Hog Slat withdrew this argument at the hearing, acknowledging that a cause of action under this statute accrues at the time the alleged fraud was or should have been discovered. See Nash v. Motorola Communications and Electronics., Inc., 385 S.E.2d 537, 538 (N.C.App. 1989). Plaintiffs may amend their Complaint to allege claims under this statute regarding work done pursuant to the five contracts governed by North Carolina law.

**C. Fraudulent Misrepresentation**

Plaintiffs seek to add a claim of fraudulent misrepresentation against Defendant Hog Slat based on the statements in the document provided to Plaintiffs during the April 1994 meeting.

---

Hog Slat.

Defendant Hog Slat argues that allowing Plaintiffs to add a fraudulent misrepresentation claim would be futile because the claim could not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Hog Slat asserts that the claim is futile because: (1) Plaintiffs cannot show justifiable reliance; (2) the alleged misstatements are opinions relating to future events; and (3) Plaintiffs have not pled an intent to deceive as required by North Carolina law.[3] As with the other tort claims Plaintiffs seek to allege, the fraudulent misrepresentation claims are so closely related to Plaintiffs contract claims that they fall within the ambit of the contracts' choice-of-law provisions. Therefore, the Court must consider the proposed claim in light of North Carolina law (for five of the contracts), Iowa law (for four of the contracts), and Minnesota law (for one of the contracts).

Reasonable reliance is an element of a cause of action for fraudulent misrepresentation under the laws of all three states. See Massey v. Duke University, 503 S.E.2d. 155 (N.C. Ct. App. 1998); Whalen v. Connelly, 545 N.W.2d 284 (Iowa 1996); Veit v. Anderson, 428 N.W.2d 429 (Minn. Ct. App. 1988). Ordinarily, whether a plaintiff's reliance was reasonable is a question for the trier of fact. H Enterprises Int'l, Inc. v. General Elec. Capital Corp., 833 F. Supp. 1405, 1423 (D. Minn. 1993). Defendant Hog Slat argues that, even if Plaintiffs did rely on the alleged misstatements, Plaintiffs have no chance of establishing that their reliance was reasonable, because the alleged misrepresentations were directly contradicted by language in the written contracts between the parties.

---

[3] Defendant Hog Slat also asserts that, contrary to the allegations in the Complaint, it played no part in making the alleged misrepresentations to Plaintiffs. However, Defendant Hog Slat acknowledges in its Memorandum that this is a fact-based argument, more appropriately raised in a properly-supported summary judgment motion.

Under Iowa, North Carolina, and Minnesota law, reliance is unreasonable as a matter of law "'only if [a] written contract provision explicitly stated a fact completely contradictory to the claimed representation.' . . . When a promise is not in plain contradiction of a contract or, if contradictory, when it is accompanied by misrepresentations of other material facts in addition to the contradictory intent, the question of reasonable reliance is for the trier of fact." Veit, 428 N.W.2d at 433(citations omitted). See also Whalen, 545 N.W.2d at 294 (fraud claim may proceed where misrepresentations concern facts or circumstances not specifically addressed in written contract); Lord Indus., Inc. v. Republic Western Insur. Co., 1998 WL 403325 at *4 (4th Cir. July 6, 1998)(no reasonable reliance where contract unambiguously and directly contradicts all alleged misrepresentations)(N.C. law).

In the instant case, the contracts at issue contained an express one year warranty by Defendant Hog Slat for the materials used to construct the hog barns. The contracts further stated: "There are no other warranties of any kind expressed or implied, oral or written. [Hog Slat] disclaims any other warranties." These provisions in the written contracts between the parties directly contradict the misrepresentations allegedly made by Defendant Hog Slat regarding the durability, useful life, and warranty period of the Filter-Eeze flooring. A claim for fraudulent misrepresentation against Defendant Hog Slat would not survive a motion to dismiss, because Plaintiffs will not be able to adequately allege that their reliance on the statements made at the April 1994 meeting was reasonable with respect to Defendant Hog Slat. Allowing Plaintiffs to amend their Complaint to add such a claim would be futile.

Having concluded that Plaintiff's fraudulent misrepresentation claim would be futile on this basis, the Court need not discuss the alternative arguments advanced by Defendant Hog Slat.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Complaint (Doc. No. 49) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. the Motion is **GRANTED** to the extent Plaintiffs seek to add claims under the North Carolina Unfair and Deceptive Trade Practices Act for damages arising from work done pursuant to the five contracts governed by North Carolina law.

2. the Motion is in all other respects **DENIED**.

3. Plaintiffs shall cause an Amended Complaint to be filed and served no later than April 25, 2001.

Dated: April 11, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge