UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-785 (DSD/SRN)

Holden Farms, Inc. a Minnesota corporation; Rod Garness; Eugene C. Ward; Randy Swanson; Rick Anderson d/b/a Circle A Farms; Tim Sanborn; AJ Farms, a Minnesota general partnership; Dennis Kofstad; Marline Kruckeberg; and Pork Avenue, LLP, a Minnesota limited liability partnership,

Plaintiffs,

v.

**ORDER**

Hog Slat, Inc., a North Carolina corporation; BCM Manufacturing, Ltd., a Canadian corporation; and Double L Group Ltd., an Iowa corporation,

Defendants.

This matter is before the court on plaintiffs' objections to the order of Magistrate Judge Susan R. Nelson dated April 11, 2000, denying in part their motion to amend the complaint to add statutory and common law fraud claims against defendant Hog Slat, Inc. ("Hog Slat"). Although leave to amend is generally freely granted, a court may deny the leave if amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994). See also Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1487, at 637 (1990) ("If the proposed change ...

FILED 5-17-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend."). On appeal of a magistrate judge's order denying leave to amend, the district court will overturn the decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.1(b)(2).

Plaintiffs seek to add claims that defendant Hog Slat secured its contracts with plaintiffs through fraudulent misrepresentation and in violation of the Minnesota Consumer Fraud Act, the Minnesota Unlawful Trade Practices Act and the Minnesota False Statement in Advertising Act.[1] On plaintiffs' motion to amend, the magistrate judge concluded that these new claims are so closely related to plaintiffs' breach of contract claims that they fall within the ambit of the choice of law provisions contained within the contracts. On that basis, the magistrate judge denied leave to amend to add the Minnesota statutory claims involving the nine contracts which are controlled by Iowa and North Carolina law. The magistrate judge further denied amendment as to all statutory claims under the lone contract controlled by Minnesota law. Finally, the magistrate judge ruled that for lack of proof of

[1] Plaintiffs also moved to amend their complaint to allege claims under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq. The magistrate judge granted the motion with respect to the five contracts governed by North Carolina law. That ruling is not before the court.

justifiable reliance, plaintiffs' claims of common law fraudulent misrepresentation are precluded.

Plaintiffs contend on appeal that the contractual choice of law provisions do not apply to their claims of fraud and misrepresentation. They cite to Carlock v. Pillsbury Co., 719 F. Supp. 791, 826 (D. Minn. 1989) in support of this proposition. Although plaintiffs correctly set forth the district court's ruling in Carlock, the magistrate judge correctly held that the Eighth Circuit's ruling in Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d 1386 (8th Cir. 1997) is controlling here. In Astraea, the appellate court concluded that tort claims which stem from an opposing party's alleged failure to perform under the contract, including claims of misrepresentation and deceptive trade practices, are subject to contractual choice of law provisions. Id. at 1392. Based on this clearly established precedent, the court finds no error in the magistrate judge's conclusions that plaintiffs' warranty challenge, now reformulated primarily as a Minnesota consumer protection issue, is precluded under the nine contracts controlled by Iowa and North Carolina law.

With respect to the one contract controlled by Minnesota law, the magistrate judge determined that plaintiffs' statutory claims are precluded by Ly v. Nystrom, 615 N.W.2d 302 (Minn. 2000), in which the Minnesota Supreme Court held that an award of damages under Minn. Stat. Ann. § 8.31, subd. 3a (the "Private AG Statute")

is limited to those plaintiffs who can show that their cause of action was of benefit to the public. Id. at 310-14. In Ly, the court ruled that plaintiff's fraud claim, which revolved around plaintiff's purchase of a restaurant from its previous owner, was a single claimant private dispute and as such, was not covered by the Private AG Statute. Id. at 314. In the instant case, the magistrate judge similarly concluded that plaintiffs' claims against Hog Slat represent an isolated one-on-one transaction that exceeds the scope of the Private AG Statute. Plaintiffs vigorously dispute the analogy between Ly and this case, arguing that Hog Slat "may very well be making similar representations" in other transactions in Minnesota and around the county.

Upon further review of the record, it is unclear to this court whether Hog Slat's alleged misrepresentations have been made only to plaintiffs, or whether those representations could be or actually have been republicized to other consumers of Hog Slat's goods and services. Plaintiffs assert that they relied on a presentation made to them by representatives of Hog Slat and Double L Group, Ltd., which included discussion of a "Presentation Document" containing both Hog Slat's corporate logo and various statements about the longevity and performance of the Filter-Eeze flooring product. [Doc. No. 50, Pltfs.' Brief on Mtn. to Amend, p. 2]. Hog Slat indicates that the document was prepared by Double L prior to the meeting with plaintiffs without Hog Slat's knowledge

or approval. [Doc. No. 51, Def. Response Brief, p. 3]. On these assertions alone, it is difficult to determine whether plaintiffs have satisfied Ny's public benefit requirement.

However, even if the court were to conclude that plaintiffs have shown sufficient public benefit to proceed with statutory claims, the presence in the contracts of both a one-year warranty provision and an unambiguous disclaimer of any other guarantees undermines any attempt by plaintiffs to establish justifiable reliance on Hog Slat's alleged misrepresentations. Therefore, plaintiffs' common law fraudulent misrepresentation allegations and their claims under the Minnesota Consumer Fraud Act, the Minnesota Unlawful Trade Practices Act and the Minnesota False Statement in Advertising Act are precluded. See Massey v. Duke University, 503 S.E.2d 155 (N.C. Ct. App. 1998)(designating justifiable reliance as a element of a cause of action for fraudulent misrepresentation); Lord Indus., Inc. v. Republic Western Ins. Co., 1998 WL 403325, at * 4 (4th Cir. July 6, 1998) (no justifiable reliance where the contract unambiguously and directly contradicts all alleged misrepresentations); Whalen v. Connelly, 545 N.W.2d 284, 294 (Iowa 1996) (same); Veit v. Anderson, 428 N.W.2d 429, 433 (Minn. Ct. App. 1988) (same); Group Health Plan, Inc. v. Philip Morris Inc., 621 N.W.2d 2, 13 (Minn. 2001) ("[W]here, as here, the plaintiffs allege that their damages were caused by deceptive, misleading, or fraudulent statements or conduct in violation of the

misrepresentation in sales laws, as a practical matter it is not possible that the damages could be caused by a violation without reliance on the statements or conduct alleged to violate the statutes. Therefore, in a case such as this, it will be necessary to prove reliance on those statements or conduct to satisfy the causation requirement."); Scott v. Forest Lake Chrysler-Plymouth Dodge, 598 N.W.2d 713, 720 (Minn. Ct. App. 1999), rev'd on other grounds, 611 N.W.2d 346 (Minn. 2000)(noting that if the alleged misrepresentations are contradicted by the clear language in an agreement, there is no CFA violation).

Accordingly, based on a review of the file and record herein, **IT IS HEREBY ORDERED** that:

1. The motion by plaintiffs to amend their complaint [Doc. No. 49] is granted as to their claims under the North Carolina Unfair and Deceptive Trade Practices Act for damages arising from work done pursuant to the five contracts governed by North Carolina law.

2. The motion by plaintiffs to amend their complaint is denied in all other respects.

Dated: May 16, 2001

David S. Doty, Judge
United States District Court