UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Holden Farms, Inc., et al., | ) | Civil File No. 00-CV-785 DSD/SRN |
| Plaintiffs, | ) | |
| vs. | ) | **STIPULATION AND [~~PROPOSED~~] ORDER REGARDING PLAINTIFFS' DAMAGES AND DEFENDANTS' DISCLOSURE OF DAMAGES EXPERT** |
| Hog Slat, Inc., et al., | ) | |
| Defendants. | ) | |

WHEREAS, Defendant Hog Slat, Inc. ("Hog Slat") has moved for an Order compelling Plaintiffs to provide further damages information and to produce a witness to testify concerning damages, and has further moved for an Order extending the date for defendants to designate an expert witness on damages; and

WHEREAS, after this Motion was filed, Plaintiffs provided additional information to Defendants regarding Plaintiffs' damages claims in the November 13, 2001, letter from Plaintiffs' counsel to counsel for Hog Slat (the "November 13, 2001, Letter"); and

WHEREAS, the parties have agreed to resolve their dispute pursuant to the terms set forth in this Stipulation;

NOW THEREFORE, Plaintiffs and Hog Slat, through their counsel, hereby stipulate, agree and represent as follows:

1. Plaintiffs' damages claims, and the basis for and the analysis underlying those claims, are set forth in full in the Amended Plaintiffs' Rule26(a)(1) Initial Disclosures (dated July 6, 2000), as supplemented by the lists appended to the November 13, 2001, Letter. Plaintiffs have completed their damages analysis and hereby represent that to the best of their information and belief, they have included within the lists of documents appended to the November 13, 2001, Letter all of the documents upon which they intend to rely in proving their damages claims at trial.

NOV 2 0 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Plaintiffs stipulate and agree that neither Hog Slat nor any of the other defendants have waived, by entering into this Stipulation or for any other reason, their right to challenge Plaintiffs' damages claims on any grounds, including the ground that those claims are speculative.

3. To provide further information regarding Plaintiffs' damages claims, Plaintiffs agree to promptly provide to Defendants, in electronic form if possible, copies of all close out summaries generated for Plaintiffs' finishing units from August 1, 1999 through October 31, 1999, to the extent that those summaries can be located after a reasonable and good faith search.

4. Plaintiffs agree to provide assistance to Defendants in understanding the documents disclosed pursuant to paragraph 3 above, the documents identified in the lists appended to the November 13, 2001, Letter, and other close out summaries produced to Defendants in this action.

5. The parties agree that Defendants may have until January 15, 2002, to identify and disclose information regarding an expert witness that they would call at trial to testify concerning Plaintiffs' damages claims.

Dated: November 19, 2001

GISLASON & HUNTER

By __________________________
Dustan J. Cross
2700 South Broadway
P.O. Box 458
New Ulm, MN 56073-0458
Telephone: (507) 354-3111

ATTORNEYS FOR PLAINTIFFS

Dated: November 19, 2001

DORSEY & WHITNEY LLP

By [signature]
Paul R. Dieseth
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR DEFENDANT
HOG SLAT, INC.

2. Plaintiffs stipulate and agree that neither Hog Slat nor any of the other defendants have waived, by entering into this Stipulation or for any other reason, their right to challenge Plaintiffs' damages claims on any grounds, including the ground that those claims are speculative.

3. To provide further information regarding Plaintiffs' damages claims, Plaintiffs agree to promptly provide to Defendants, in electronic form if possible, copies of all close out summaries generated for Plaintiffs' finishing units from August 1, 1999 through October 31, 1999, to the extent that those summaries can be located after a reasonable and good faith search.

4. Plaintiffs agree to provide assistance to Defendants in understanding the documents disclosed pursuant to paragraph 3 above, the documents identified in the lists appended to the November 13, 2001, Letter, and other close out summaries produced to Defendants in this action.

5. The parties agree that Defendants may have until January 15, 2002, to identify and disclose information regarding an expert witness that they would call at trial to testify concerning Plaintiffs' damages claims.

Dated: November 19, 2001

GISLASON & HUNTER

By ______________________
Dustan J. Cross
2700 South Broadway
P.O. Box 458
New Ulm, MN 56073-0458
Telephone: (507) 354-3111

ATTORNEYS FOR PLAINTIFFS

Dated: November 19, 2001

DORSEY & WHITNEY LLP

By ______________________
Paul R. Dieseth
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR DEFENDANT
HOG SLAT, INC.

**ORDER**

Based upon the foregoing stipulation and agreement of the parties, and good cause appearing therefor,

IT IS HEREBY ORDERED that Defendants may have until January 15, 2002, to identify and disclose information regarding an expert witness that they would call at trial to testify concerning Plaintiffs' damages claims.

Dated: November 20, 2001

Susan Richard Nelson
United States Magistrate Judge