UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-----

Holden Farms, Inc., a Minnesota Corporation; Rod Garness; Eugene C. Ward; Randy Swanson; Rick Anderson d/b/a Circle A Farms; Tim Sanborn; AJ Farms, a Minnesota General Partnership; Dennis Kofstad; Marlin Kruckeberg; and Pork Avenue, LLP, a Minnesota Limited Liability Partnership,

Plaintiffs,

vs.

BCM Manufacturing, Ltd., a Canadian Corporation; and Double L Group Ltd., an Iowa Corporation,

Defendants

Civil File No. 00-CV-785

**ORAL ARGUMENT REQUESTED**

-----

**DEFENDANT BCM MANUFACTURING LTD.'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BCM MANUFACTURING LTD.'S MOTION FOR SUMMARY JUDGMENT**

-----

## INTRODUCTION

Plaintiffs' Memorandum in Opposition to BCM's Motion for Summary Judgment chooses to completely ignore the BCM warranty language and rather argue about irrelevancies in an effort to obfuscate the issue before the court on BCM's motion. Plaintiffs silence on the actual issue, whether Plaintiffs possess any evidence of a breach of BCM's warranty, is an admission by them of a lack of this evidence and so a concession that the summary judgment motion should be granted. Plaintiffs make no attempt to argue that there claims fall within BCM's warranty against defects in materials and workmanship in any way. Plaintiffs do not even claim that BCM's flooring was defective in either of these regards. Rather, Plaintiffs claim that Double L extended some warranty other than the BCM warranty language, that they don't have to prove a defect to recover under this warranty made by Double L Group and that BCM did not disclaim

any warranties in the transaction. Plaintiffs make these arguments even though they concede that the Minnesota Supreme Court's opinion of Hydra-Mac, Inc. v. Onan Corp., 450 N.W.2d 913 (Minn. 1990) controls this court's analysis on the issue before it. The Hydra-Mac opinion requires that a third-party beneficiary of a warranty, such as the Plaintiffs here, take that warranty as is extended by the manufacturer. As such, if Plaintiffs are to recover under BCM's warranty, they must accept it as a 10 year non-prorated warranty against defects in materials or workmanship and produce evidence of a breach of that warranty.

## DISCUSSION

At the outset, this court should note that Plaintiffs own memorandum concedes the controlling effect of the Hydra-Mac v. Onan opinion. At page 10 of Plaintiffs Memorandum in Opposition they state:

> Minnesota does recognize that while a manufacture's warranty extends under §336.2-313 to persons such as Plaintiffs who could reasonably be expected to use or acquire the good sold, such third-party beneficiaries take subject to the limitations on warranty that the manufacture gives to the distributor or seller. Hydra-Mac, Inc. v. Onan, 450 N.W.2d 913, 916 (Minn. 1990).

Plaintiffs Memorandum in Opposition at page 10. This is the exact point made by BCM in its Motion for Summary Judgment. BCM authorized an express warranty to be extended with its products for a ten year period against defects in materials or workmanship. The Hydra-Mac opinion stands for the proposition that if Plaintiffs are going to claim to be a third-party beneficiary of that warranty, then they must take that warranty as extended. Accordingly, to recover they must prove a defect in material or workmanship prior to receiving any benefits under the warranty. Plaintiffs concession that the Hydra-Mac opinion is controlling essentially makes the other arguments made by Plaintiffs irrelevant as the question simply becomes whether the Plaintiffs have evidence

to establish a breach of the BCM warranty. Plaintiffs not only failed to point to any evidence which establishes a breach of the warranty BCM extended but do not even mention the warranty in the entire memorandum in opposition. Simply ignoring the warranty language provided by BCM does not create a fact issue and does not allow them to survive summary judgment. The issue before the court is: do the Plaintiffs possess any evidence to establish a breach of the BCM express warranty against defects in materials or workmanship. Without such evidence, summary judgment is appropriate. Plaintiffs do not claim to possess any such evidence.

Plaintiffs position in their memorandum in opposition is even more remarkable when considered against the background of the prior motion and Eighth Circuit argument. Both before this Court and at the Eighth Circuit on Appeal, Plaintiffs argued that they should be allowed to recover against BCM on a breach of its express warranty, irrespective of a the contract language which existed in the building contracts with Hog Slat. Now having prevailed at the Eighth Circuit, Plaintiffs argue that they are not constrained by any of the BCM warranty language but instead can recover on evidence that they had any problem whatsoever, no matter how described, with BCM's flooring. This is simply not the law. This is particularly ridiculous in the face of Plaintiffs concession that the Hdyra-Mac opinion is controlling.

Plaintiffs argue that Double L created some broader warranty than BCM's 10 year warranty against defects in materials or workmanship in the language Double L provided at the April 1994 meeting. If that is the case, that may be Plaintiffs claim against Double L Group but not against BCM. Again, the Hdyra-Mac opinion is definitive and if Plaintiffs are going to make a claim against the manufacturer, they must take the manufacturers warranty as extended.

In addition, to claim that the sales meeting created a warranty or that some advertisements did so, ignores the sales talk/puffing doctrine long recognized by the courts. *See*, Falcon Equipment Corp. v. Courtesy Lincoln Mercury, 536 F.2d 806 (8th Cir. 1976) (statements in advertisements are puffing or sales talk not constituting an express warranty); and, Heil v. Standard Chemical Mfg. Co., 223 N.W.2d 37, 40 (Minn. 1974) (trade talk or puffing does not constitute an express warranty).

Plaintiffs engage in several pages of irrelevant argument regarding whether they are required to prove a defect to recover under a breach of warranty theory. Plaintiffs claim that they have no obligation to prove a defect to prevail. To make this argument Plaintiffs simply ignore the language of the BCM warranty. The warranty is a 10 year non-prorated warranty against defects in materials or workmanship. Under the Hydra-Mac opinion the Plaintiffs must live with the warranty as extended by BCM; accordingly, Plaintiffs must prove a defect. That is what the warranty warrants against; defects. In support of this argument, Plaintiffs rely on cases from a variety of other jurisdictions such as Nebraska, Alabama, Wisconsin and the Second Circuit. Plaintiffs site no Minnesota cases to support such a premise and instead recognize that the Minnesota Supreme Court Opinion of Hydra-Mac is directly contrary to their argument. Plaintiffs make a similar argument that BCM did not disclaim warranties. They make this argument, again, after admitting that the Hydra-Mac opinion states that if a third-party beneficiary of a warranty intends to recover under that warranty, they must take the warranty as extended by the manufacturer. Plaintiffs arguments about disclaiming or limiting warranties are irrelevant.

**CONCLUSION**

BCM's summary judgment motion is in fact a simple argument. The Plaintiffs initially argued both at the hearing before this Court on the motion for summary judgment and at the Eighth Circuit that BCM could not benefit from the contract language which limited express warranties to a period of one year and that they should be entitled to recover under BCM's express warranty. Plaintiffs now wish to recover under something other than BCM's express warranty. Plaintiffs can not have it both ways. If they wish to recover on a breach of express warranty theory, they must prove a breach of BCM's express warranty. The motion before the court is simply based on the fact that Plaintiffs possess no evidence of a defect in either material or workmanship and in fact, do not even claim that such a defect exists. Plaintiffs memorandum in opposition is entirely silent on this issue and instead tries to redirect the focus away from the actual issue on the summary judgment motion by making arguments which may be relevant to Plaintiffs claims against Double L Group but are not as it relates to any theory against BCM.

Dated this 19th day of July, 2004.

RAJKOWSKI HANSMEIER LTD.

By s/Rich Sobalvarro
Richard W. Sobalvarro - 204638
Attorneys for Defendant BCM
11 North Seventh Avenue
P.O. Box 1433
St. Cloud, MN 56302
Telephone: (320) 251-1055