UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Holden Farms, Inc., a Minnesota Corporation, Rod Garness; Eugene C. Ward; Randy Swanson; Rick Anderson d/b/a Circle A Farms; Tim Sanborn; AJ Farms, a Minnesota General Partnership; Dennis Kofstad; Marlin Kruckeberg; and Pork Avenue, LLP, a Minnesota Limited Liability Partnership,

Court File No. 00-CV-785

Plaintiffs,

**ORAL ARGUMENT REQUESTED**

vs.

Hog Slat Inc., a North Carolina Corporation; BCM Manufacturing, Ltd., a Canadian Corporation; and Double L Group Ltd., an Iowa Corporation,

Defendants.

---

**DEFENDANT DOUBLE L GROUP LTD.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS SUMMARY JUDGMENT MOTION**

---

## INTRODUCTION

Defendant, Double L Group Ltd. (hereinafter "Double L"), respectfully submits this Reply Memorandum of Law in Support of its Summary Judgment Motion to dismiss Plaintiffs' breach of warranty claims because the record is clear that Double L simply delivered BCM Manufacturing, Ltd.'s (hereinafter "BCM") warranty on a product manufactured and created by BCM.

## ARGUMENT

### I. PLAINTIFFS' CLAIMS OF BREACH OF WARRANTY AGAINST DOUBLE L MUST BE DISMISSED BECAUSE DOUBLE L MERELY PASSED ALONG INFORMATION REGARDING BCM'S WARRANTY TO PLAINTIFFS.

As in the past, Plaintiffs claim that there is a material question of fact as to whether Double L merely passed along BCM's warranty on the flooring or whether Double L was preparing and distributing its own information on the flooring. *Plaintiffs' Memorandum, p. 24-25.* However, the record is very clear on this issue and supports Double L's position. Double L's motion must be granted for several reasons.

First, Plaintiffs' entire argument is centered around issues which have previously been decided by this court. Plaintiffs continually assert that statements made during the April 1994 sales meeting gave rise to some additional warranty above and beyond the warranty provided by BCM, without providing details as to the warranty, and as to claims that Plaintiffs were advised as to what type of steel should or should not have been used with the Maxima flooring and the longevity of plastic flooring. *Id.* at p. 26. However, Plaintiffs' argument with respect to the "recommendation" of the support system and the longevity of the flooring is simply the same argument presented by Plaintiffs in response to Double L's first motion for summary judgment on the negligent misrepresentation issues. Specifically, it is the argument that Double L is somehow responsible for the rusting of the steel support beams because they advised Plaintiffs as to what support system should have been used in the hog facilities and that information regarding the longevity of the flooring was somehow

inaccurate. However, these issue have clearly been decided by this court and that decision was upheld on appeal to the 8th Circuit Court of Appeals. This court found:

> Double L was not hired by plaintiffs to advise them or provide guidance. Double L is a distributor for BCM. They were attempting to sell BCM's flooring to be installed in plaintiffs' hog nurseries. Furthermore, plaintiffs by their own admission have had extensive experience in the hog farming industry. There, the court concludes that the parties were negotiating at arm's-length and as sophisticated equals.

(Affidavit of Richard W. Sobalvarro, hereinafter "Sobalvarro Aff.", Ex. A, p. 21).

Additionally, Kent Holden admits that the decision to use painted steel supports for the flooring was made by Hog Slat. (Sobalvarro Aff., Ex. I, p. 32, lns. 21-24). Mr. Holden understood that during the April 1994 sales meeting, Double L was attempting to sell BCM's flooring and was not attempting to sell the support system for the flooring. *Id.* at p. 87, lns. 23-25, p. 88, lns. 1-23.

Second, Plaintiffs have been unable to provide any information with regard to the terms of the alleged warranty provided by Double L. Kent Holden stated that he believed that Plaintiffs had a ten-year non-prorated warranty. (Sobalvarro Aff., Ex. I, lns. 3-12). This was the warranty that was provided to Plaintiffs and this warranty was authorized by BCM. The information provided by Double L as to the ten-year non-prorated warranty was nothing different than it was authorized to provide by BCM and did not include any additional terms or conditions above the warranty provided by the manufacturer of the flooring. (Sobalvarro Aff., Ex. E, p. 2; Affidavit of Candy B. Olson dated May 7, 2004,

hereinafter Olson Aff., Ex. A, p. 2, ¶13; *BCM's Memorandum of Law in Support of its Motion for Summary Judgment,* p. 10).

Third, when the Plaintiffs discovered the alleged problems with the steel support beams and/or flooring, they first contacted Hog Slat rather than contacted Double L regarding the alleged additional warranty that Plaintiffs argue was provided by Double L. (Sobalvarro Aff., Ex. I, p. 46, lns. 7-15). In fact, when Hog Slat could not address Plaintiffs' concerns or problems, Kent Holden contacted BCM directly to discuss replacement of the flooring and supports. *Id.* at p. 52, lns. 1-13. In fact, Mr. Holden stated that Double L "was not in a position to help [Plaintiffs]". *Id.* at p. 54, lns. 10-15. If Plaintiffs truly believed that Double L had provided an additional warranty, or a warranty that was different than that provided by the manufacturer, BCM, they would have contacted Double L directly and dealt with Double L directly regarding the warranty.

Fourth, Plaintiffs argue that Double L's motion should be denied because Warren Hutchings denied that BCM provided the information included in the presentation document and letter presented to Plaintiffs at the April 1994 sales meeting. *Plaintiffs' Memorandum, p. 26.* However, there is nothing in the record to support Mr. Hutchings' version of the events. In fact, Double L was required to submit advertising or other materials using BCM's trademarks for approval prior to distribution. (Sobalvarro Aff., Ex. C, p. 2). Evidence of Double L's passing along of BCM's warranty is found by reviewing deposition exhibit 6, provided by Plaintiffs. (Affidavit of Dustan J. Cross dated November 21, 2001, Deposition

Exhibit 6). This document demonstrates that BCM agreed to and did not make changes to the "full 10-year non-prorated warranty" statement in this advertisement. BCM would have corrected this warranty information if Double L was, in fact, providing its own warranty or a warranty different from the warranty BCM was providing on its product.

Fifth, Plaintiffs have failed to address Double L's argument that the warranty itself refers to the fact that the manufacturer of the flooring warrants the flooring. In this case, the manufacturer, and therefore warrantor, is BCM. The information provided to Plaintiffs at the sales meeting or in any written materials does not reference a separate warranty provided by Double L. (Olson Aff., Ex. D).

Sixth, the Distributorship Agreements between Double L and BCM prohibit Double L from extending a warranty beyond the warranty provided by BCM.[1] (Olson Aff., Ex. D; Sobalvarro Aff., Ex. C). Mr. Hutchings testified that he had never recalled an instance where Double L offered or provided a warranty beyond the warranty that BCM offered. (Sobalvarro Aff., Ex. G, p. 70, lns. 7-21).

Finally, Plaintiffs rely on Soreson v. Safety Flate, Inc., 216 N.W.2d 859 (Minn. 1974), for the proposition that "separate preparation and presentation of a manufacturer's warranty by the distributor, in and of itself, is sufficient to create an independent liability on

[1] The first agreement between Long Lasting Farm Equipment and BCM was executed on January 14, 1980 and extended by written agreement dated February 12, 1981. (Sobalvarro Aff., Ex. C). Long Lasting Farm Equipment changed its name to Double L in the mid-1990s. (Sobalvarro Aff., Ex. D, p. 7-8). The second agreement was executed between Double L and BCM on September of 1994. (Olson Aff., Ex. D).

the seller." *Plaintiffs' Memorandum, p. 25*. However, the Soreson court itself realized that its holding was strictly applicable in the indemnification setting:

> the issue is not the liability of the distributors to the injured plaintiff but their right to indemnification from the manufacturers.

Sorenson, 216 N.W.2d at 864.

Sorenson, 216 N.W.2d 859, is also distinguishable from the present action because it dealt only with the distributors' claims that the flyer contained no additional affirmations or promises beyond those included in the implied warranty of merchantability, or that the product was fit for its ordinary purposes. *Id.* at 864. In the present action, BCM's warranty had specific terms and conditions. Double L passed along the warranty as provided by BCM including the length of the warranty and the specific terms of the warranty.

Double L's situation is comparable to the distributors in State v. Patten, 416 N.W.2d 168 (Minn.Ct.App. 1987), and Pemberton v. Dean, 92 N.W. 478 (Minn. 1902), because Double L did not create its own warranty but delivered BCM's warranty on BCM's product.

## CONCLUSION

Therefore, Double L respectfully requests that this Court enter summary judgment in favor of Double L.

Dated: July __, 2004

**HANSON LULIC & KRALL, LLC**

s/Candy B. Olson
Joseph F. Lulic (#65018)
Candy B. Olson (#0301991)
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-2530

G:\HLK\17168\PLDG\REPLYMEMO.LAW.002