UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-785(DSD/SRN)

Holden Farms, Inc., a Minnesota corporation; Rod Garness; Eugene C. Ward; Randy Swanson; Rick Anderson d/b/a Circle A Farms; Tim Sanborn; AJ Farms, a Minnesota General Partnership; Dennis Kofstad; Marlin Kruckeberg; and Pork Avenue, LLP, a Minnesota Limited Liability Partnership,

Plaintiffs,

v. **ORDER**

BCM Manufacturing, Ltd., a Canadian corporation; and Double L Group Ltd., an Iowa corporation,

Defendants.

Dustan J. Cross, Esq., Gary W. Koch, Esq., Peter D. Favorite, Esq. and Gislason & Hunter, P.O. Box 458, New Ulm, MN 56073, counsel for plaintiffs.

Richard W. Sobalvarro, Esq. and Rajkowski & Hansmeier, P.O. Box 1433 St. Cloud, MN 56302; Brad J. Brady, Esq. and Brady & O'Shea, 2735 First Avenue S.E., Suite 105, Cedar Rapids, IA 52402; Joseph F. Lulic, Esq., Candy B. Olson, Esq. and Hanson, Lulic & Krall, 608 Second Avenue South, Suite 700, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon defendants' motions for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court: (1) denies defendant Double L's motion for summary judgment and

(2) grants in part and denies in part defendant BCM's motion for summary judgment.

## BACKGROUND

This case returns to this court on remand from the United States Court of Appeals for the Eighth Circuit. The facts have been fully set forth in the Eighth Circuit's opinion and in this court's prior summary judgment order. Therefore, the court sets forth here only those facts which are particularly relevant to the issues which remain in the case.

Plaintiff Holden Farms, Inc., produces hogs. Defendant BCM Manufacturing, Ltd., ("BCM") manufactures plastic flooring for use in hog nurseries. Defendant Double L Group, Ltd., ("Double L") is BCM's exclusive distributor in the United States. In April 1994, Holden Farms hosted a sales presentation conducted in part by Double L through its president Norbert Borcherding. Either before or during the sales pitch, Borcherding presented Holden Farms with a letter and brochure that Double L had prepared. Among other things, the letter and brochure contained the following statements regarding BCM's Filter-Eeze plastic flooring:

"Warranty - full 10 year non-prorated"

"20 year proven record of performance"

"Longer life increases product value over other floorings"

"15-20 year life expectancy"

"10 year non-prorated warranty"

Neither the letter nor the brochure identified the "full 10 year non-prorated warranty" as a manufacturer's warranty. The brochure also contained a diagram depicting how BCM's product is installed over steel support beams.

Holden Farms purchased Filter-Eeze Maxima flooring for use in ten hog nurseries. The installation began in 1994 and was completed in phases. In 1998, problems with the floors began to develop. Exposure to hog waste caused the steel support beams to corrode and swell, in turn causing the plastic floor to buckle. Approximately 50 hogs were killed when they fell into manure pits through gaps in the floors. In addition, some of the Filter-Eeze flooring was permanently damaged by the beam corrosion and had to be replaced. Flooring that remained undamaged was re-installed by Holden farms over new, fiberglass support beams.

Following litigation in the court of appeals, Holden Farms maintains a negligent-design claim against BCM and breach of warranty claims against both BCM and Double L. BCM and Double L now move for summary judgment on the breach of warranty claims.

## DISCUSSION

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. See id. at 255. The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324.

**II. Warranty Claims**

The court finds that genuine issues of material fact preclude summary judgment as to Holden Farms' breach of warranty claim against Double L. These issues include whether Norbert Borcherding extended a warranty to Holden Farms on behalf of Double L and what the terms of any such warranty are.

Genuine issues of material fact also exist with respect to Holden Farms' claim against BCM. Whether breach of an express warranty has occurred is generally a jury question. See Hydra-Mac, Inc. v. Onan Corp., 450 N.W.2d 913, 917 (Minn. 1990). BCM argues that Holden Farms cannot prove breach because it has presented no evidence of a defect in "materials or workmanship." (BCM's Mem. Law Supp. Summ. J. Mot. at 7.) BCM's argument, however, disregards the language of its warranty. BCM warranted that its Filter-Eeze flooring would "not fail by reason of structural defects or faulty workmanship."[1] (Sobalvarro Aff. Ex. E at 2.) BCM does not deny that, at the time of Holden Farms' purchase, it knew its Filter-Eeze Maxima flooring product was marketed for installation over steel beams.[2] BCM expressly acknowledges that Holden Farms' Maxima floors failed when the steel beams which supported them began to

[1] The court quotes from the document which BCM concedes to be its Filter-Eeze warranty. (See BCM's Mem. Law Supp. Summ. J. Mot. at 4.)

[2] Even if BCM were to deny this point, Holden Farms has presented sufficient evidence to create a fact question with respect to it.

rust and corrode due to their exposure to hog waste. The rust and corrosion caused the beams to expand, "braking [sic] BCM's Filter Eeze Maxima flooring and causing it to buckle." (BCM's Mem. Law Supp. Summ. J. Mot. at 7.) Under such circumstances, the court cannot hold that BCM's flooring did not "fail by reason of [a] structural defect" within the plain and ordinary meaning of the warranty. Summary judgment in BCM's favor is therefore inappropriate.

BCM, however, is not bound to any warranty beyond the one it authorized Double L to extend on its behalf.[3] For Borcherding to have bound BCM to a warranty, he must have been acting within the scope of his actual or apparent authority as BCM's agent. See Minn. Stat. § 336.1-103 (common law of principal and agent supplements UCC); cf. Powell v. MVE Holdings, Inc., 626 N.W.2d 451, 457 (Minn. Ct. App. 2001) (principal bound by acts of agent carried out within agent's actual and apparent authority). Holden Farms provides no evidence that BCM actually authorized Double L to expand the scope of BCM's warranty. Nor does Holden Farms point to any conduct by BCM that would have caused Holden to believe that Borcherding was authorized to negotiate a warranty on BCM's behalf. Borcherding's own statements that he was acting "as a

[3] The court's discussion hereafter assumes (1) that Borcherding's representations in connection with the sales presentation gave rise to a warranty that (2) was greater in scope than the BCM warranty.

representative of BCM Manufacturing" carry no weight. See Powell, 626 N.W.2d at 457 ("'proof of the agent's apparent authority must be found in the conduct of the principal, not the agent.'") (quoting Hockemeyer v. Pooler, 130 N.W.2d 367, 375 (Minn. 1964)). Therefore, the court grants BCM's motion for summary judgment only as to plaintiff's allegation that Borcherding bound BCM to a warranty other than the one to which it has admitted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for summary judgment of defendant Double L Group [Docket No. 122] is denied.

2. The motion for summary judgment of defendant BCM Manufacturing, Ltd., [Docket No. 127] is granted in part and denied in part.

Dated: January 3, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court