GISLASON&HUNTER LLP
ATTORNEYS AT LAW
NEW ULM MINNEAPOLIS MANKATO MAPLETON DES MOINES

RECEIVED JAN 11 2005
05 JAN 21

OF COUNSEL
Donald F. Hunter[3]
James H. Malecki
Ruth Ann Webster

Sidney P. Gislason (1908-1985)
Robert M. Halvorson (1945-1993)
C. Allen Dosland (Retired)

Daniel A. Gislason†
C. Thomas Wilson
Marlin R. Kunard
David D. Alsop
Barry G. Vermeer[1]*
Gary W. Koch[1,2]
Timothy P. Tobin[2]*
Roger H. Gross*
David W. Sturges[4]†
R. Stephen Tillitt*†
Mark S. Ullery
Jeff C. Braegelmann
Reed H. Glawe[1]
Wade R. Wacholz[1]
Noel L. Phifer
Laura L. Myslis[1]
Andrew A. Willaert[1]
Daniel A. Beckman
Michael S. Dove
Dustan J. Cross[1]
James R. Gowling[1]
Roger L. Kramer*†
Lorec A. Nelson[5]
Christopher E. Sandquist
Peter M. Sand[5]
Peter D. Favorite
Sara N. Wilson
Christopher P. Rosengren
Kathleen M. Loucks
Matthew P. Kostolnik
Sarah M. MacGillis
Dan J. Hoehn†
Anthony Gabor
David C. Kim
Ryan R. Dreyer
Angela M. Nelson[2]
Timothy J. Crocker
Mary Kay Schuft
Adina R. Bergstrom

NEW ULM OFFICE
2700 South Broadway
New Ulm, MN 56073

MAILING ADDRESS
P.O. Box 458
New Ulm, MN 56073-0458

PHONE: 507-354-3111
FAX: 507-354-8447

WEB SITE: www.gislason.com
Also admitted in:
[1] Iowa
[2] Wisconsin
[3] Illinois
[4] Admitted only in Virginia
[5] Admitted only in Iowa

* Civil Trial Specialist
† Qualified ADR Neutral

January 10, 2005

Hon. David S. Doty
United States District Court
U.S. Courthouse
300 S. Fourth St.
Minneapolis, MN 55415

**REQUEST FOR PERMISSION TO BRING MOTION FOR RECONSIDERATION**

Re: Holden Farms, et al v. BCM Manufacturing, et al
Our File No. 15793-004
Court File No. 00-785 (DSD/SRN)

Dear Judge Doty:

Pursuant to Local Rule 7.1, Plaintiffs Holden Farms and its growers (collectively "Holden Farms") respectfully requests permission to bring a Motion for Reconsideration regarding that portion of this Court's January 3, 2005, Order granting partial summary judgment to Defendant BCM Manufacturing ("BCM") on the issue of Defendant BCM's warranty.

This Court hinged its decision on the conclusions that "Holden Farms provides no evidence that BCM actually authorized Double L to expand the scope of BCM's warranty," and that Holden Farms had no legitimate reason to believe that Double L was authorized to "negotiate" a warranty on BCM's behalf. (Order, p. 6). Holden Farms made no allegation that Double L could bind BCM to a warranty not authorized by BCM. Instead, Holden Farms believes there is competent evidence to establish a genuine issue of material fact to demonstrate that BCM knew of the unlimited nature of the warranty Double L was extending to Purchasers of BCM Flooring and therefor implicitly authorized Double L to so extend its warranty.

The parties have long appeared to be in agreement that Double L was authorized to extend BCM's warranty. The issue (as understood by Holden Farms) was whether BCM authorized Double L to extend that warranty which was presented by Double L to Holden Farms in 1994. The record reveals a significant dispute on this issue. But the Court's Order inexplicably seems to determine that BCM's 1994 warranty could only be that "to which [BCM] has admitted." (Order, p. 7) [1]

1 If the Court had not used the term "admitted," and instead concluded that BCM is only bound to that warranty it actually *authorized* (to be later determined by the jury), Holden Farms would have no complaint.

SCANNED
JAN 21 2005
U.S. DISTRICT COURT MPLS

**GISLASON & HUNTER LLP**



Hon. David S. Doty
January 10, 2005

BCM claims in this litigation that it authorized Double L to extend only an extremely limited 10 year warranty. (BCM Memo, p. 4-5). On the other hand, Double L claims the "full 10 year non-prorated warranty" it described to Holden Farms in 1994 was authorized and approved by BCM. (Borcherding Depo., page 39). Significantly, the undisputed documentary evidence supports Plaintiffs' position that BCM authorized Double L to extend a warranty other than that to which it now admits.

As outlined by Holden Farms in its Memoranda in Opposition, on September 12, 1994, Double L faxed BCM, requesting BCM's approval on proposed advertising copy to be included in Double L's newsletter. The third page of Exhibit 6 is a fax of the copy back from BCM with 2 typographical corrections. Significantly, this was apparently an advertisement by BCM in Double L's newsletter, and the advertisement (as approved by BCM) contains the statement that it is designed for a "low cost steel support system" and that the Maxima flooring comes with a "full 10 year non-prorated warranty." BCM's Warren Hutchings personally made these corrections and responded by fax thanking Double L "for your help in putting this together for us." (Exhibit 6, p. 4). BCM made no corrections or changes to the Double L copy concerning (1) the terms or scope of the warranty being offered to customers of the Maxima product; or (2) the recommendation that the Maxima flooring should be installed on a "low cost steel support system." (Factual background provided at p. 6 of Holden Farms' Memo. in Opp. to Double L's Motion, and incorporated within Holden Farms' Memo in Opp. to BCM's Motion at p. 2.)

This documentary evidence seems to support Double L's contention that the warranty it described to Holden Farms in 1994 was formulated and/or approved by BCM. At the least, it is sufficient to create an issue of fact for the jury.

For the foregoing reasons, Holden Farms respectfully requests this Court grant permission to bring a Motion for Reconsideration pursuant to D. Minn. LR 7.1. Thank you for your time and consideration.

Sincerely yours,

Dustan J. Cross

DJC:PDF:bes
cc: Barry Holden
Joseph F. Lulic
Richard W Sobalvarro

NULIB:196681.1