RECEIVED JAN 13 2005

RECEIVED 05 JAN 21 PM 12: 36

Rajkowski Hansmeier Ltd.
ATTORNEYS AT LAW

11 Seventh Avenue North
P.O. Box 1433
St. Cloud, MN 56302-1433

320-251-1055
Toll Free 800-445-9617
Fax 320-251-5896

rajhan@rajhan.com
www.rajhan.com

January 12, 2005

Response to Request Permission to Bring Motion for Reconsideration

Honorable David S. Doty
United States District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: Holden Farms, Inc., et al. v. BCM Manufacturing, Ltd., et al.
Our File No.: 20536
Court File No.: 00-CV-785

Dear Judge Doty:

Dustin Cross, as counsel for Holden Farms has requested a Motion to Reconsider this Court's Order partially granting BCM's Motion for Summary Judgment. Plaintiffs request should be denied as it does little more than reargue issues previously submitted to the Court without complying with the law surrounding Local Rule 7.1(g).

Local Rule 7.1(g) provides that a Motion to Reconsider will be granted "only upon a showing of compelling circumstances." The Minnesota District Court has specifically stated that "a Motion to Reconsider should not be employed to re-litigate old issues but to 'afford an opportunity for relief in extraordinary circumstances'". See, Dale & Selby Superette & Deli v. U.S. Department of Agriculture, 838 F.Supp. 1346, 1348(D.Minn. 1993); Transclean Corp. v. Bridgewood Services, Inc., 134 F.Supp.2d 1049, 1960 (D.Minn. 2001); and, Pacific Ins. Co. v. Burnett Title, Inc., 2003 W.L.22768232 (D.Minn.2003).

Plaintiff's correspondence of January 10, 2005 requesting reconsideration raises no compelling circumstances but simply refers the court to information Plaintiffs have already submitted to the court as part of the previously argued motion for summary judgment. This is the exact type of effort to "re-litigate old issues" addressed by the cases sited above.

In addition to simply rehashing previously submitted arguments, Plaintiffs blatantly ignore the law that controls the issue of when an independent distributor may bind a manufacturer. That issue was properly briefed and submitted to the court in BCM's Motion for Summary Judgment. Please see *BCM's Memorandum in Support of its Motion for Summary Judgment* at pp. 8–10. The issue was properly litigated, briefed, argued and placed before the court. The court's ruling is entirely supported by both the

Frank J. Rajkowski ■•
Gordon H. Hansmeier
Frederick L. Grunke
Thomas G. Jovanovich•
Paul A. Rajkowski•
Kevin F. Gray
William J. Cashman
Richard W. Sobalvarro
Susan M. Dege
LeAnne D. Miller
Sarah L. Smith-Larkin•
Troy A. Poetz
Joseph M. Bromeland
Gregory J. Haupert
Laurel J. Pugh
Jason T. Bretto

SCANNED JAN 21 2005 U.S. DISTRICT COURT MPLS

law and the record. If plaintiffs had any evidence to suggest that they could fall within the Ziegler standard of when an independent distributor may bind a manufacturer, it was their obligation to put it before the court at the time of the motion hearing. Plaintiffs letter brief does nothing more than site information already submitted to the court which does not in any way demonstrate that BCM controlled the operations of Double L in a manner which would create a situation where Double L could bind BCM if it extended some broader warranty than authorized by the distributorship agreements.

Rather than address the law, plaintiffs reply on such evidence as a document discussing advertisement text between Double L, the distributor, and BCM the manufacturer. This type of "evidence" has classically been determined as a matter of law to be sales talk and not give rise to any type of warranty. It is this exact type of information which was argued at the motion hearing and cannot form the basis for renewed argument under Local Rule 7.1(g).

The fact that a down stream seller can extend an additional or different express warranty for which they are solely liable is recognized by the uniform commercial code. See, Minn. Stat. §336.2-313. Here, Double L as a seller of the product could provide its own express warranty if it was so inclined. This is exactly the point of the court's order and those provisions of the distributorship agreement which provides that if Double L extends a warranty beyond that authorized by BCM it is solely responsible for that warranty.

The plaintiffs potential warranty claims remain viable. Here, the court's order appears to envision a trial which would address the issue as to whether Double L through Mr. Borcherding's comments created a warranty, and whether that warranty was greater in scope than the warranty authorized by BCM. See footnote 3 to the court's order at page 6. To the extent that Borcherding extended a warranty beyond that provided in the distributorship agreements, Double L would be liable for any damages which arose from the breach of warranty it extended beyond those which would be recoverable against BCM under its authorized warranty. Accordingly, the plaintiffs are not without a warranty remedy, the court has simply ruled that BCM cannot be bound by the conduct of Double L. Plaintiff's request for reconsideration simply seeks to re-litigate this issue based on information previously submitted.

Plaintiff's correspondence does not provide the compelling circumstances envisioned by Local Rule 7.1(g) and accordingly, plaintiff's request for reconsideration should be denied.

Sincerely,

RAJKOWSKI HANSMEIER LTD.

By [signature]
Richard W. Sobalvarro

RWS:kjs
cc: Joseph Lulic
Dustan Cross